STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph P. DeFilippo, Defendant-Appellant.

Court of Appeals

*No. 2005AP515–CR. Submitted on briefs July 5, 2005.
—Decided August 2, 2005.*

**2005 WI App 213**

(Also reported in 704 N.W.2d 410.)

194

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Len Kachinsky* of *Sisson and Kachinsky Law Offices*, Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Danielle M. Prato*, Appleton.

Before Cane, C.J., Hoover, P.J., and Peterson, J.[1]

¶ 1. PETERSON, J.   Joseph DeFilippo appeals a judgment of conviction for two counts of battery, two counts of disorderly conduct, and one count of knowingly violating a domestic abuse order, all misdemeanors. DeFilippo appeared pro se at his jury trial and argues he is entitled to a new trial because the record does not show he knowingly, intelligently and voluntarily waived his right to counsel. We agree and reverse the judgments.

## BACKGROUND

¶ 2.   On June 12, 2003, DeFilippo appeared before the court commissioner and stated he wanted to plead not guilty and waive his right to counsel. Without further inquiry, the court commissioner accepted the waiver and scheduled trial for July 16, 2003. DeFilippo appeared pro se at his jury trial, where he was found guilty of all charges and was sentenced on January 2, 2004. He subsequently filed a postconviction motion for a new trial, arguing that he did not adequately waive his right to an attorney.

---

[1] Upon this court's motion and order of July 29, 2005, this case is decided by a three-judge panel.

¶ 3. An evidentiary hearing took place on November 1, 2004. DeFilippo testified he recalled a meeting held in the judge's office on the day of trial regarding whether he was going to accept a plea agreement. However, he did not recall any discussion of the advantages and disadvantages of self-representation. The assistant district attorney testified she recalled that the State had revoked a plea offer. She further stated that there was a conversation between the court and DeFilippo regarding the advantages and disadvantages of self-representation. However, she did not remember whether DeFilippo indicated he understood, but that DeFilippo did not have any questions when asked.

¶ 4. The judge recalled the meeting took between twenty and thirty minutes, that they discussed the plea offer, and also discussed cases DeFilippo had been involved with in Texas and Pennsylvania. He recalled advising DeFilippo that he would have a fool for a client if he represented himself, and that he would be expected to follow the rules. The judge stated that DeFilippo was aware of his right to counsel and waived it. The court therefore supplemented the record and denied the motion.

## DISCUSSION

■■■■

¶ 5. A criminal defendant may waive his or her right to counsel in criminal trial court proceedings, provided the record reflects that the waiver is knowingly and voluntarily made. *State v. Klessig*, 211 Wis. 2d 194, 203–04, 564 N.W.2d 716 (1997). The trial court must engage in a colloquy with the defendant to establish a knowing and voluntary waiver. The colloquy must be designed to ensure that the defendant (1) made a deliberate choice to proceed without counsel, (2) was

aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charge or charges against him or her, and (4) was aware of the general range of penalties that could have been imposed upon him or her. *Id.* at 206.

¶ 6.  Here, there is no record showing whether DeFilippo adequately waived his right to counsel. There was apparently a conversation between the court and DeFilippo in the judge's chambers, but it was unrecorded. Therefore, the main issue in this case is whether the court properly reconstructed the record to reflect what was discussed in chambers. If it did not, there is insufficient evidence to show that DeFilippo knowingly and voluntarily waived his right to counsel. In a reconstruction hearing,

> the judge must be satisfied that the reconstructed record accurately reflects what actually happened to the same level required in the proceeding itself. That is, to reconstruct a portion of a criminal trial, the trial judge must find that the record has been adequately reconstructed beyond a reasonable doubt.

*State v. Raflik*, 2001 WI 129, ¶ 54, 248 Wis. 2d 593, 636 N.W.2d 690 (citations omitted). We review the reconstruction under the clearly erroneous standard. *See id.* at ¶ 36; *State v. DeLeon*, 127 Wis. 2d 74, 82, 377 N.W.2d 635 (Ct. App. 1985).

¶ 7.  We begin our analysis with a review of the law regarding reconstruction of a record. We first addressed this issue in *DeLeon*. There, we stated that the first step is for the trial court to determine whether the missing part of the record can be reconstructed. *Id.* at 77–78. If it can, then the parties should work together to reconstruct it. Any disputes are to be settled by the trial court, which may rely on its own recollec-

197

tion and notes or materials from the parties. *Id.* at 80–82. If the record cannot be reconstructed, the court should order a new trial. *Id.* at 82.

¶ 8.   Our supreme court expanded *DeLeon* in *State v. Perry*, 136 Wis. 2d 92, 98, 401 N.W.2d 748 (1987), stating that the circuit court should consider "the nature of the case, the nature of the claim of error, the passage of time from the date a transcript originally was, or should have been, prepared, and whether the trial was to the court or to a jury." *Id.* at 98. The trial court in *Perry* did not address these factors and therefore the supreme court concluded the reconstruction was not adequate beyond a reasonable doubt. *Id.* at 108.

¶ 9.   The supreme court applied the *DeLeon* and *Perry* principles in *Raflik*. Its decision in that case is particularly helpful to our determination here. In *Raflik*, the supreme court reviewed the reconstruction of a warrant application. A detective from the Washington County Sheriff's Department and the assistant district attorney applied for a telephonic search warrant. The detective and the judge issuing the warrant were under the impression their conversation was being recorded, and the judge granted the warrant. However, the next morning the detective discovered the conversation had not been recorded and notified the judge. The detective also prepared an affidavit of what had transpired. *Raflik*, 248 Wis. 2d 593, ¶¶ 3–7.

¶ 10.   Later that afternoon, the judge convened a hearing with the detective and the assistant district attorney. The detective testified to the events of the previous night. The judge also questioned the detective. The judge then concluded there was probable cause for the search warrant and that they had adequately recreated the warrant application. The detective's affidavit was attached to the record. *Id.*, ¶¶ 8–11.

198

¶ 11.   On appeal, the supreme court determined that

> many of the same factors announced by the *Perry* and *DeLeon* courts should be taken into consideration, particularly the length of time between the application and the reconstruction, and the length of the reconstructed segment in relation to the entire warrant request. In addition to these factors, a trial court should also consider if there were any contemporaneous or nearly contemporaneous written documents, such as notes, that were used to reconstruct the record, the availability of witnesses used to reconstruct the record, and the complexity of the segment reconstructed.

*Id.*, ¶ 41. The court then proceeded to find that the record was appropriately reconstructed. It noted the length of the warrant application was short and only the detective needed to testify. Further, the facts were uncomplicated and easily remembered, and were corroborated by the detective's affidavit and warrant documents the detective and the judge filled out at the time of the telephone conversation. *Id.*, ¶ 42.

> Perhaps, most importantly, the application was reconstructed only 18 hours after the actual application when the events of the previous night were still fresh in the minds of all the participants . . . . This is in sharp contrast to a case like *Myers*, [a Washington State case], where almost four months had elapsed between the application and the reconstruction.

*Id.*, ¶ 43.[2]

---

[2] In the Washington case, *State v. Myers*, 815 P.2d 761, 764 (Wash. 1991), a telephonic warrant was not recorded. The supreme court concluded the only evidence that could reconstruct the warrant was the police officer's testimony regarding the telephonic warrant, which occurred four months previously.

¶ 12.   We now turn to the facts of the present case. DeFilippo argues that many of the *DeLeon* and *Perry* factors weigh against reconstruction. First, fifteen months passed before reconstruction. He also notes that, unlike in *Raflik*, the unrecorded meeting here was long. As the judge noted at the reconstruction hearing, the meeting took between twenty and thirty minutes. Furthermore, he argues that there are no contemporaneous notes supporting the judge's version of the facts. Finally, he argues the judge functioned as an advocate for his view and therefore lost his neutrality.

¶ 13.   The State's response focuses only on the judge's role in the proceedings. We agree with the State that the judge acted properly in that regard. As the *Perry* court noted, a judge may resolve disputes during reconstruction of the record, based on the judge's "recollection, trial notes, consultation with counsel, affidavits, or recall of witnesses." *Perry*, 136 Wis. 2d at 102. However, this factor alone is not enough to uphold the reconstruction. *DeLeon*, *Perry* and *Raflik* list several relevant factors. We therefore turn to an analysis of these, using *Raflik* as our guide.

¶ 14.   We begin with the length of time between the hearing that should have been recorded and the reconstruction—fifteen months. *Raflik* specifically noted that the eighteen hours that had passed before reconstruction was "in sharp contrast" with the four-month delay in the Washington case. Fifteen months is obviously much longer than four months, and is certainly long enough for recollections to become inaccurate. Because the reconstruction here was primarily based on the recollections of the judge and the assistant

This was insufficient to reconstruct the record. *Id.* at 768. The judge who issued the warrant in that case did not recall the details supporting probable cause for the warrant. *Id.* at 764.

district attorney, we conclude this passage of time weighs against reconstruction.

¶ 15.   Another factor is the length of the reconstructed segment. The judge stated at the hearing that the entire meeting lasted between twenty and thirty minutes, but concluded in his written decision that the segment regarding DeFilippo's waiver of counsel would have been relatively short—a "scant few minutes." When a defendant expresses the desire to waive representation, the court must enter into a colloquy to demonstrate that the defendant (1) made a deliberate choice to proceed without counsel, (2) was aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charges, and (4) was aware of the general range of penalties. *Klessig*, 211 Wis. 2d at 206–07. We agree with the judge that the waiver portion of the hearing might take a short period of time, but it also might take longer. Therefore, this factor is neutral at best.

¶ 16.   Next is whether there were any contemporaneous documents used to reconstruct the record. Here there are none. The parties and the judge relied on their memories of a meeting that occurred fifteen months earlier. This is in contrast to *Raflik*, where the detective and the judge simultaneously but separately filled out warrant forms at the time of the telephonic warrant. *Raflik*, 248 Wis. 2d 593, ¶ 42. These were used to aid in reconstruction of the record. *Id.* Furthermore, shortly after the detective in *Raflik* learned that the telephonic warrant was not recorded, he prepared an affidavit of the proceedings, which was used to help reconstruct the record. *Id.* Nothing similar exists in this case. Therefore, this factor weighs against reconstruction.

201

¶ 17.   The availability of witnesses used to reconstruct the record is another factor. Here, all the necessary witnesses were available and testified. Therefore, this factor does not weigh against reconstruction.

¶ 18.   The final factor is the complexity of the segment reconstructed. As we have noted, there must have been a specific and significant colloquy with DeFilippo to establish he adequately waived his right to counsel. *See Klessig*, 211 Wis. 2d at 206–07. This involves a discussion of several factors. Thus, we conclude the reconstructed segment is fairly complex, dealing with an important constitutional right and therefore weighs against reconstruction.

¶ 19.   Finally, we note that in *Raflik*, the detective and judge thought their conversation was being recorded only to discover later it was not. *Raflik*, 248 Wis. 2d 593, ¶¶ 4–8. Here, the failure to record was not inadvertent. We take this into account in our determination as well.

¶ 20.   After reviewing the factors, we conclude the court erred in reconstructing the record. As we have noted, the court must be satisfied beyond a reasonable doubt that the reconstructed record adequately reflects what actually occurred. *Id.*, ¶ 54. Here we are particularly concerned with the amount of time that passed before reconstruction; the fact that the reconstruction was done simply based on the recollection of the parties, with no corroborating notes or documents; and the fact that the reconstructed hearing dealt with a basic and fundamental constitutional right. We therefore conclude there is reasonable doubt that the reconstruction is adequate to show that all the required factors necessary for waiver were explored. Consequently, the record does not show that DeFilippo knowingly and voluntar-

ily waived his right to counsel. We thus reverse the judgment against him and remand for a new trial.

*By the Court.*—Judgment reversed and cause remanded.